UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

```
                                          )
FEDERAL TRADE COMMISSION,                 )
                                          )
              Plaintiff,                   ) Civ. No. 6-12-CV-1588-ORL-28-DAB
                                          )
       v.                                 )
                                          )
THE GREEN SAVERS, LLC, a Florida limited  )
liability corporation, also d/b/a ELITE   )
SERVICES and ADVANCED DATA                )
SOLUTIONS, et al.,                        )
                                          )
              Defendants.                  )
                                          )
```

STIPULATED ORDER FOR PERMANENT INJUNCTION AND
FINAL JUDGMENT AS TO THE GREEN SAVERS, LLC, PAVAC, INC.,
ADVANCED DATA SOFTWARE, LLC, AND VIKASH JAWALAPERSAD

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its First

Amended Complaint for a Permanent Injunction and Other Equitable Relief pursuant to

Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and

permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement

of ill-gotten gains, and other equitable relief for Defendants' acts or practices in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FTC's Trade

Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.  Plaintiff

and Defendants The Green Savers, LLC, Pavac, Inc., Advanced Data Software, LLC, and

Vikash Jawalapersad ("Stipulating Defendants"), have agreed to entry of this Stipulated

Final Judgment and Order for Permanent Injunction ("Order") by this Court in order to resolve all claims against Stipulating Defendants in this action.  Plaintiff and Stipulating Defendants have consented to entry of this Order without trial or adjudication of any issue of law or fact herein.

NOW THEREFORE, Plaintiff and Stipulating Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

FINDINGS

1.      This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the TSR, 16 C.F.R. Part 310.  Pursuant to these Sections of the FTC Act and the Telemarketing Act, the Commission has the authority to seek the relief contained herein.

2.      The Commission's First Amended Complaint states a claim upon which relief may be granted under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b).

3.      This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the Stipulating Defendants.

4.      Venue, process, and service of process are proper.

5.      The activities of Stipulating Defendants, as alleged in the First Amended Complaint, are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

2

6.     Stipulating Defendants neither admit nor deny any of the allegations set forth in the Commission's First Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

7.     Stipulating Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that any of them may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law. The Commission and Stipulating Defendants shall each bear their own costs and attorney's fees incurred in this action.

8.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9.     Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits,

3

premises, receivables, funds, and all cash, wherever located.

    2.    "Assisting others" includes, but is not limited to:

    A.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints:

    B.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    C.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    D.    providing names of, or assisting in the generation of, potential customers;

    E.    performing marketing, billing, or payment services of any kind; and

    F.    acting or serving as an owner, officer, director, manager, or principal of any entity.

    3.    "Corporate Defendants" or "Receivership Defendants" means The Green Savers, LLC, also doing business as Elite Services and Advanced Data Solutions; Pavac, Inc., also doing business as The Green Savers, LLC, Advanced Data Software, LLC, Advanced Data Solutions, and Elite Services; and Advanced Data Software, LLC, also doing

business as The Green Savers, LLC and Advanced Data Solutions; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them, including but not limited to Zenergy Telecom, LLC.

4. "**Debt relief product or service**" means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

5. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6. "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

7. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

5

8.      "Financial related product or service" means any product or service represented, directly or by implication, to:

A.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

B.      improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

C.      provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

D.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

E.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

9.      "Individual Defendants" means Vikash Jawalapersad and Christopher Adams, and by whatever other names each may be known.

10.     "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative. or any other group or combination acting as an entity.

11.     "Plaintiff" means the Federal Trade Commission ("Commission" or "FTC").

6

12.     "Stipulating Defendants" means Vikash Jawalapersad, also doing business as The Green Savers, LLC, Pavac, Inc., and Advanced Data Software, LLC; The Green Savers, LLC, also doing business as Elite Services and Advanced Data Solutions; Pavac, Inc., also doing business as The Green Savers, LLC, Advanced Data Software, LLC, Advanced Data Solutions, and Elite Services; Advanced Data Software, LLC, also doing business as The Green Savers, LLC and Advanced Data Solutions; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

13.     "Telemarketing" means any plan, program, or campaign which is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

I.

## PERMANENT BAN ON ROBOCALLS

IT IS THEREFORE ORDERED that Stipulating Defendants, whether acting directly or through any person, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message.

7

## II.

### PERMANENT BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Stipulating Defendants, whether acting directly or through any person, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from participating in telemarketing, or assisting others engaged in telemarketing.

## III.

### PERMANENT BAN ON MARKETING DEBT RELIEF PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Stipulating Defendants, whether acting directly or through any person, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from engaging in, participating in, or assisting others in the advertising, marketing, promotion, offering for sale, sale, or distribution of any debt relief product or service.

## IV.

### PROHIBITED PRACTICES RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service, are

8

permanently restrained and enjoined from:

    A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        1.    The terms or rates that are available for any loan or other extension of credit, including but not limited to:

           a.    closing costs or other fees;

           b.    the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

           c.    the savings associated with the credit;

           d.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party;

           e.    whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

           f.    that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred

if the consumer subsequently refinances; and

g.     that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.     That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.     Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

4.     Any aspect of any mortgage loan modification service or foreclosure relief service, including, but not limited to, the amount of savings or reduction in interest rate, loan principal, or monthly payment that a consumer will receive from purchasing, using, or enrolling in such mortgage loan modification service or foreclosure relief service; the amount of time before a consumer will receive a mortgage loan modification or relief from foreclosure; the likelihood that a consumer will obtain a modified mortgage loan or relief from foreclosure; or the reduction or cessation of collection calls; and

5.     That a consumer will receive legal representation; and

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

10

V.

## PROHIBITED PRACTICES RELATING TO
## ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting. expressly or by implication, any material fact, including but not limited to:

A.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or public, non-profit, or other non-commercial program, or any other program;

C.    The total costs to purchase, receive, or use, or the quantity of, the product, or service;

D.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; and

11

E.      Any material aspect of the performance, efficacy, nature, or characteristics of
the product or service.

## VI.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

IT IS FURTHER ORDERED that Stipulating Defendants, and their officers, agents,
servants, employees, attorneys, and all other persons in active concert or participation with
any of them, who receive actual notice of this Order by personal service or otherwise,
whether acting directly or through any trust, corporation, partnership, limited liability
company, subsidiary, division, or other device, in connection with the advertising, marketing,
promotion, offering for sale or sale of any product or service, are permanently restrained and
enjoined from making any representation or assisting others in making any representation,
expressly or by implication, about the benefits, performance, or efficacy of any product or
service, unless, at the time such representation is made, Stipulating Defendants possess and
rely upon competent and reliable evidence that substantiates that the representation is true.

## VII.

## MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment is hereby entered in favor of the Commission, and against
Stipulating Defendants, jointly and severally, for equitable monetary relief, including, but not
limited to, consumer redress and/or disgorgement, in the amount of Three Million Eight
Hundred Seventy Nine Thousand One Hundred and Fourteen dollars ($3,879,114.00), the

12

total amount of consumer injury caused by the activities alleged in the Commission's First Amended Complaint; *provided, however,* that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsections B and C of this Section, and subject to the conditions set forth in Section VIII of this Order.

B.      Stipulating Defendant Vikash Jawalapersad ("Defendant Jawalapersad") shall, within five (5) days of the date of entry of this Order, pay to the Commission in equitable monetary relief, including, but not limited to, consumer redress or disgorgement, the balance in the Wells Fargo Bank, N.A. checking account in his name ending in 8613. Payment shall be made to the Commission by electronic fund transfer in accordance with directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission.

C.      Defendant Jawalapersad shall immediately take specific steps, as set forth below, to sell all interests in the 2008 Ford F-250 truck, VIN 1FTSW21R68EB46403 ("Ford"), listed on the October 29, 2012 financial statement that Defendant Jawalapersad provided to the FTC:

1.      Defendant Jawalapersad shall immediately place the Ford truck for sale through an appropriate broker or automobile listing service at the direction of the Commission;

2.      Defendant Jawalapersad shall notify counsel for the Commission of the amount of any offer to purchase the Ford truck immediately upon receiving such offer. Acceptance of any such offer shall be in the Commission's sole discretion;

3. Within three (3) business days of receipt of net proceeds from the sale of all interests in the Ford truck, Defendant Jawalapersad shall cause to be wired to the Commission the net proceeds from the sale in accordance with instructions provided by the Commission, and Defendant Jawalapersad shall identify the name(s) and address(es) of the purchaser(s) of the Ford truck;

4. Defendant Jawalapersad agrees that, prior to the sale required by this Subsection, he will maintain insurance on the Ford truck in an amount of not less than the full replacement value of the vehicle. In the event that the Ford truck suffers any loss or damage covered by such insurance policy, Defendant Jawalapersad shall make such claims as are permitted by the insurance policy and shall assign or remit any insurance payment he receives as a result of such loss or damage to the Commission; and

5. To secure his performance under this Subsection C, Defendant Jawalapersad hereby grants to the Commission a lien on, and security interest in, the Ford truck, which terminates upon sale of the vehicle.

D. Time is of the essence for the payment and other obligations specified above. In the event of any default by Stipulating Defendants on any obligation imposed under this Section, including, but not limited to, Stipulating Defendant Vikash Jawalapersad's failure to timely and completely fulfill his payment obligations under Subsections B and C of this Section:

1. The judgment imposed herein will not be suspended as to any Stipulating Defendant, and the full amount of that judgment shall immediately become due

14

and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid; and

      2.    The Commission shall be entitled to immediately exercise any and all rights and remedies against Stipulating Defendants and their assets to collect the full amount of the judgment and interest thereon, less any amounts already paid.

    E.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. Stipulating Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendants' practices alleged in the First Amended Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Stipulating Defendants shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

    F.    Stipulating Defendants relinquish all dominion, control, and title to the funds

15

paid to the fullest extent permitted by law. Stipulating Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

G. Stipulating Defendants agree that the facts as alleged in the First Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Stipulating Defendants further stipulate and agree that the facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

H. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VIII.

## RIGHT TO REOPEN

IT IS FURTHER ORDERED that:

A. Plaintiff's agreement to, and the Court's approval of, this Order, including, but not limited to, the partial suspension of the monetary judgment against Stipulating Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' representations regarding their financial conditions, as set forth in

16

the financial statements they submitted to the Commission, namely the financial statements of The Green Savers LLC, and of Vikash Jawalapersad, both dated October 29, 2012, which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order;

B.      If, upon motion of the Commission, the Court finds that any Stipulating Defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from his sworn financial statement or supporting documents, the judgment entered in Section VII shall be reinstated and become immediately due and payable as to that Stipulating Defendant (less any amounts already paid). *Provided, however,* that, in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and

C.      Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order. For purposes of this Section, Stipulating Defendants waive any right to contest any of the allegations in the Commission's First Amended Complaint.

### IX.

### PROHIBITIONS REGARDING CONSUMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with

17

any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Stipulating Defendant obtained prior to entry of this Order in connection with the marketing or sale of any debt relief product or service; and

B.     Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## X.

## PROHIBITION ON COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with

any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any debt relief product or service from any Stipulating Defendant.

## XI.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.     Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Defendant Jawalapersad for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

19

C.      From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.

1.      Each Stipulating Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Jawalapersad must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order

20

Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.    Additionally, Defendant Jawalapersad must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years following entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Defendant Jawalapersad must report any change in: (a)

21

name, including aliases or fictitious name, or residence address; or (b)
title or role in any business activity, including any business for which
he performs services whether as an employee or otherwise and any
entity in which he has any ownership interest, and identify its name,
physical address, and Internet address, if any.

C.      Each Stipulating Defendant must submit to the Commission notice of the
filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or
against such Stipulating Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under
penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by
concluding: "I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct. Executed on:_____" and supplying the date,
signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all
submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov
or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for
Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania
Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. The Green
Savers, LLC, et al.* (X130002).

22

## XIII.

## RECORDKEEPING

IT IS FURTHER ORDERED that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and Defendant Jawalapersad for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      A copy of each advertisement or other marketing material.

## XIV.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this

23

Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant. Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

24

XV.

## COOPERATION WITH FTC COUNSEL

IT IS FURTHER ORDERED that Stipulating Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's First Amended Complaint, cooperate in good faith with the FTC and appear, or cause their officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Stipulating Defendants shall appear, or cause their officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint, without the service of a subpoena.

XVI.

## COMPLETION OF RECEIVERSHIP

IT IS FURTHER ORDERED that the appointment of Robert Morrison as Receiver over the Receivership Defendants pursuant to Section VII of the Preliminary Injunction Order entered on November 5, 2012, is hereby continued in full force and effect except as modified by this Section.

A.    The Receiver is directed and authorized to accomplish the following:

      1.    Complete, as necessary, the liquidation of the assets of the Receivership Defendants;

2.  Prepare and file with the Court a final report describing the Receiver's activities pursuant to this Order and the Preliminary Injunction Order, and a final application for compensation and expenses; and

3.  Upon the Court's approval of the Receiver's final application for compensation and expenses, distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties.

B.  Upon completion of the above tasks, the duties of the Receivership shall terminate, and the Receiver shall be discharged.

## XVII.

## DISSOLUTION OF ASSET FREEZE

IT IS FURTHER ORDERED that the freeze on the Assets of Defendant Jawalapersad pursuant to the Stipulated Preliminary Injunction entered in this action shall remain in effect until he has complied with all requirements set forth in Section VII above, *provided, however,* that Defendant Jawalapersad, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by Section VII. Once Defendant Jawalapersad has fully complied with the requirements of Section VII, the freeze against his Assets shall be lifted permanently. The freeze on the Assets of the Corporate Defendants shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section XVI of this Order. A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on Stipulating Defendants' Assets has been lifted.

26

receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section XVI of this Order. A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on Stipulating Defendants' Assets has been lifted.

## XVIII.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

**SO ORDERED**, this __13__ day of _____, 2013.

_____
John Antoon II
United States District Judge

SO STIPULATED:

DAVID SHONKA
Acting General Counsel

Roxana C. Bhimani
Joannie T. Wei
Theresa M. McGrew
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
rbhimani@ftc.gov
jwei@ftc.gov
tmcgrew@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

Vikash Jawalapersad
Individually and on behalf of The Green
Savers, LLC, Pavac, Inc., and Advanced
Data Software, LLC

APPROVED AS TO FORM:

Jeorg Friedrich Jaeger, FBN 181439
Jaeger & Blankner
217 E. Ivanhoe Boulevard North
Orlando, Florida 32804
(407) 894-0341 [telephone]
(407) 898-8248 [facsimile]
Jaegergroup@jaegerandblankner.com

Attorney for Stipulating Defendants

Tushaar Viki Desai, FBN 0058501
Desai & Maya, PA
Suite B
1540 Lake Baldwin Lane
Orlando, Florida 32814
(407) 895-8707 [telephone]
(866) 514-9933 [facsimile]
Tdesai@lawyer.com

Attorney for Stipulating Defendants

28