# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

-vs-                                                                       **Case No. 6:12-cv-1588-Orl-28DAB**

**THE GREEN SAVERS, LLC,
CHRISTOPHER ADAMS, and VIKASH
JAWALAPERSAD,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR PAYMENT OF REASONABLE COMPENSATION AND COSTS (Doc. No. 80)**
>
> **FILED:** February 11, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*Background*

According to the docket, the Commission filed its Complaint in this action, alleging that Defendants operated as a common enterprise to deceptively advertise, market, promote, offer for sale, and sell credit card interest rate reduction services to consumers nationwide in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule", 16 C.F.R. Part 310. The Court entered an Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, Order to

Show Cause Why a Preliminary Injunction Should Not Issue, and Order Temporarily Sealing File against Defendants on October 22, 2012, and appointed a Temporary Equity Receiver (Doc. 14.) A Stipulated Preliminary Injunction Order was issued on November 5, 2012, appointing Robert B. Morrison as Receiver (Doc. 26).

As reported in the Temporary Receiver's Preliminary Report filed November 2, 2012 (Doc. No. 24) (the "Preliminary Report") the Receiver concluded that the Receivership Defendant could not operate legally and profitably. As such, the Receiver began to liquidate the assets of the Receivership Defendant. According to the papers, the Receiver retained the forensic accounting firm of Morrison Valuation & Forensic Services, LLC ("MorrisonVFS") to assist the Receiver in securing assets of the receivership estate, identifying creditors, investigating pre-receivership transactions, and investigating potential causes of action. The Receiver retained the law firm of Winderweedle, Haines, Ward & Woodman, P.A. ("WHWW" or "the firm"), and the firm has assisted the Receiver primarily in resolving pending litigation against the receivership estate, securing assets of the receivership estate, and negotiating the settlement of a significant dispute of receivership property.

The Receiver reports that his efforts in this case have resulted in the recovery of $172,126.43 in Receivership Defendant assets. Final Judgments have been entered as to all Defendants in this case (Docs. 61, 72), and a Motion to Terminate Receivership (Doc. 78) is pending for the District Judge. The Receiver files the instant motion, seeking payment of compensation and costs in the total amount of $65,730.19, which includes the fees and costs incurred by his legal counsel. The motion is unopposed.

*Standards of Law*

As noted in the papers, the Receiver is entitled to reasonable compensation and expenses, pursuant to the Order of appointment. The Court has traditionally determined reasonableness by utilizing the familiar lodestar approach, calculating a reasonable hourly rate in the relevant market and

the reasonable number of hours expended. *See, e.g., S.E.C. v. Aquacell Batteries, Inc.,* 2008 WL 276026, *3 (M.D. Fla. Jan 31, 2008); *F.T.C. v. Peoples Credit First, LLC*, 2005 WL 3981599, at * 3 (M.D. Fla. April 19, 2006) *(citing Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Norman v. Hous. Auth*., 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred. *See Peoples Credit First, LLC,* 2005 WL 3981599, at * 5; *see also In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004).

In awarding attorney's fees, a Court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Part of "determining the nature and extent of the services rendered," however, includes an analysis as to the reasonableness of the services rendered, bearing in mind the nature of a receivership. As the Supreme Court has noted:

> The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. . . . The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890).

The Receiver and all professionals must exercise proper billing judgment in seeking fees from the receivership estate, and should limit their work to that which is reasonable and necessary. *See, e.g., Peoples Credit First, LLC*, 2005 WL 3981599, at * 4. After all, "[n]o receivership is intended to generously reward court-appointed officers." *S.E.C. v. W. L. Moody & Co.*, 374 F.Supp. 465, 483 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975)). This is particularly true when, as in the

present case, the receivership estate will not recover sufficient assets to pay full restitution to the victims of the fraud alleged in the complaint. In the end, "Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" *S.E.C. v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) (*quoting S.E.C. v. Moody*, 374 F.Supp. 465 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975)).

*Analysis*

Applied here, the motion includes the application and the attached Affidavits of the Receiver (Doc. 80-1) and C. Andrew Roy, attorney for the Receiver (Doc. 80-2), with time sheets. The Receiver advises that as January 30, 2014, the Receiver expended $35,990.002 in professional fees and $3,144.823 in costs, and the Receiver's legal counsel expended $26,309.504 in legal fees and $285.87 in costs.

With respect to the Receiver's hours and the hours of Morrison VFS, the claim is as follows:

| Timekeeper | Rate | Number of hours | Total |
|---|---|---|---|
| Receiver | $250 | 58.00 | $14,500.00 |
| Dumm - CPA | $225 | 37.80 | $8,505.00 |
| Jadeja-Analyst | $150 | 69.90 | $10,485.00 |
| Est. Wind-down | | | $2,500.00 |
| TOTAL | | | $35,990.00 |

Costs of the Receiver are claimed as follows:

| Nature of Expense | Amount |
|---|---|
| Locksmith services | $ 1,387.40 |
| Postage | 56.42 |
| PACER fees | 5.40 |
| Supplies | 195.60 |
| Estimate to shred materials | 1,500.00 |

| Nature of Expense | Amount |
|---|---|
| TOTAL | **$ 3, 144.82** |

The Court finds these charges to be reasonable, in view of the supporting materials, the scope of the work, and the results achieved.

As for legal fees, the firm claims:

| Producer | Role | Rate | Hours | Amount |
|---|---|---|---|---|
| Bradley M. Saxton | Partner | $425.00 | 7.70 | $3,272.50 |
| Bradley M. Saxton | Partner | $410.00 | 13.3 | $5,453.00 |
| *Bradley M. Saxton* | *Partner* | *No Charge* | *1.20* | *$0.00* |
| C. Andrew Roy | Associate | $215.00 | 43.60 | $9,374.00 |
| C. Andrew Roy | Associate | $190.00 | 29.5 | $5,605.00 |
| C. Andrew Roy | Associate | $80.00 | 2.5 | 200.00 |
| *C. Andrew Roy* | *Associate* | *No Charge* | *6.2* | *0.00* |
| Mary Emanuel | Paralegal | $125.00 | 2.7 | $337.50 |
| Sheila Colgan | Paralegal | $135.00 | .50 | $67.50 |
| | | | **TOTAL** | **$24,309.50** |

Counsel estimates that an additional $2,000 may be necessary to complete the Receivership (Doc. 80-2). Costs incurred include:

| Nature of Expense | Amount |
|---|---|
| Lexis Research Charges | $248.67 |
| Photocopies (121) | $24.20 |
| Long Distance charges | $13.00 |
| TOTAL | $285.87 |

The Court finds the amount of hours to be *per se* reasonable. While the rates are on the high side, in light of the efficient handling and overall reasonableness of the total amount sought, the request can be approved, especially in the absence of any objection. The costs appear to be necessarily incurred and reasonable, as well.

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted,** and that the Court award fees and costs in the total amount of **$65,730.19**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 19, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy